```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
FRANCIS STEINIGER,                   : 10 Civ. 0282 (JSR) (JCF)
                                     :
            Plaintiff,               :       REPORT AND
                                     :     RECOMMENDATION
     - against -                     :
                                     :
INTERNAL REVENUE SERVICE, EXECUTIVE  :
OFFICE FOR UNITED STATES ATTORNEYS,  :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

Francis Steiniger brings this action pro se pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking documents within the custody of the defendants, the Internal Revenue Service (the "IRS") and the Executive Office for United States Attorneys (the "EOUSA"). He also appears to assert a claim for damages based on the defendants' alleged failure to respond properly to his requests. The defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the motion be granted.

Background

In a letter dated May 17, 2004 and captioned "Freedom of Information Act Request," Mr. Steiniger requested that the IRS provide:

copies of the specific tax years of 1984, 1985, 1990,

1

> 1991, of 1994, 1995, 1996, 1997, the specific type of tax is individual, employment, estate, inheritance tax, related to past and present trust funds tax what I owe or the government owes me under my social security number [REDACTED]-9161.[1]

(Declaration of Carlton W. King dated Aug. 24, 2010 ("King Decl."), ¶ 5 & Exh. A). The plaintiff's request was received by the Brooklyn, New York Disclosure Office of the IRS and assigned to Disclosure Specialist Inez Fye. (King Decl., ¶ 6). She conducted searches of the IRS Integrated Data Retrieval System using Mr. Steiniger's social security number in an attempt to locate relevant information. (King Decl., ¶¶ 7-8, 11). These searches yielded no responsive documents, and the IRS notified the plaintiff of the results. (King Decl., ¶¶ 4, 7, 9).

Mr. Steiniger then filed an appeal, stating "I just want a defin[i]tive answer from the I.R.S. I owe no taxes or the I.R.S. owes me in order to better prepare for an upcoming Federal Court case." (King Decl., Exh. C). The IRS Appeals Office denied the appeal and advised the plaintiff that the IRS "cannot address your question of balance due and/or refunds exist. We can only address whether the search was reasonable." (King Decl., Exh. D). The IRS also conducted a further search for responsive documents, which was

---

[1] Mr. Steiniger provided his full social security number, but it is redacted here in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

2

likewise futile.  (King Decl., ¶ 10).

Mr. Steiniger submitted another FOIA request, this one dated December 11, 2003, and directed to the EOUSA.  It asked for

> "detail information" concerning my fina[nci]al background including my ownership of 97 ac[re]s of New York State Land "discovered" by the Federal government in a 1995-1996 criminal case People v. Francis Steiniger Judge Peter K. [Leisure] United States District Court Southern District of New York also a civil case United States District Court Southern District of New York Docket # 01 Civ. 0515 Chief Judge Michael B. Mukasey.  I am requesting all financial records that the United States government in its entirety is holding on me and my social security number [REDACTED]-9161[.] The F.B.I. the United States Probation Departme[nt] for the Southern District of New York, the Federal Defenders Legal Aide for the Southern District of New York, the Internal Rev[enu]e Service and the United Sates Southern District Federal Court itself espe[c]ially pertaining my ownership of 97 acres of Land in New York S[t]ate.

(Declaration of Dione Jackson Stearns dated Sept. 20, 2010 ("Stearns Decl."), Exh. A).  Because the plaintiff did not provide required evidence of his identity, this request was rejected.  (Stearns Decl., ¶ 8 & Exh. B).  He then submitted a renewed request accompanied by the necessary identity information. (Stearns Decl., ¶ 9 & Exh. C).  He stated:

> Once again I am requesting any and all records you have on me and my social security number [REDACTED]-9161 concerning a 1995-1996 criminal case against me my Judge was Peter K. Leisure United States District Court Southern District of New York.  Especially all knowledge of my financial background the government investigated.

(Stearns Decl., Exh. C).

3

Mr. Steiniger's request was forwarded by EOUSA to the United States Attorney's Office for the Southern District of New York, where it was assigned to an FOIA contact person, Michelle Smith. (Declaration of Michelle R. Smith dated July 27, 2010 ("Smith Decl."), ¶¶ 2, 4). Ms. Smith ran a search in the Legal Information Network System ("LIONS"), and although she was able to identify Mr. Steiniger's criminal case, she could not locate the case file in the Federal Records Center or elsewhere. (Smith Decl., ¶¶ 5, 7-8). EOUSA advised the plaintiff that its search had not recovered any responsive records. (Stearns Decl., ¶ 11 & Exh. E). Mr. Steiniger appealed to the Office of Information Privacy (now known as the Office of Information Policy), and that office advised him that any responsive documents were missing. (Stearns Decl., ¶¶ 12, 14 & Exh. H).

Mr. Steiniger commenced the instant litigation in January 2010. Thereafter, the United States Attorney's Office conducted another search and located potentially responsive records in July 2010. (Smith Decl., ¶ 10). On September 20, 2010, after EOUSA reviewed these documents, it produced 52 pages in full and 24 pages with redactions, withholding 27 pages in their entirety based on exemptions in 5 U.S.C. § 552(b)(3), (5), (6), and (7)(C); 5 U.S.C. App. § 107(a)(2); and Rule 32(d)(3) of the Federal Rules of Criminal Procedure. (Stearns Decl., ¶ 16 & Exh. I). EOUSA also

4

provided Mr. Steiniger with a Vaughn Index,[2] identifying the basis for withholding or redacting the 51 pages of documents. (Stearns Decl., ¶ 16 & Exh. J).

Thereafter, the defendants filed the instant motion for summary judgment. In response, Mr. Steiniger submitted papers consisting of notices of motion, affirmations, and attached documents, all of which appear to be intended to support his opposition to the defendants' motion.

Discussion

The FOIA is designed "to promote honest and open government and to assure the existence of an informed citizenry to hold the governors accountable to the governed." Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) (citation and internal quotation marks omitted). At the same time, the FOIA "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." Center for National Security Studies v. United States Department of Justice, 331 F.3d 918, 925 (D.C. Cir. 2003).

Generally, FOIA cases are determined on summary judgment. See

---

[2] See Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973) (requiring agency to supply detailed index identifying grounds for withholding documents).

Amnesty International USA v. CIA, No. 07 Civ. 5435, 2008 WL 2519908, at *8 (S.D.N.Y. June 19, 2008); Associated Press v. United States Department of Justice, No. 06 Civ. 1758, 2007 WL 737476, at *3 (S.D.N.Y. March 7, 2007).

> A district court in a FOIA case may grant summary judgment in favor of an agency "on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith."

Grand Central Partnership, 166 F.3d at 478 (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994)) (internal quotations marks omitted); see also Amnesty International, 2008 WL 2519908, at *8; Associated Press, 2007 WL 737476, at *3; Garcia v. United States Department of Justice, Office of Information and Privacy, 181 F. Supp. 2d 356, 367 (S.D.N.Y. 2002). In order to prevail, the agency must meet a dual burden: it must show (1) that its search was adequate and (2) that any documents withheld or materials redacted fall within a statutory exemption. See Carney v. United States Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994); accord Associated Press, 2007 WL 737476, at *3; Garcia, 181 F. Supp. 2d at 365-66. In assessing the defendants' motion, I did not independently examine the defendants' documents because in camera review is unwarranted in an FOIA case where the agency's declarations are sufficiently detailed, as is true in this case.

6

Garcia, 181 F. Supp. 2d at 370.

   A. Adequacy of the Search

   The IRS and EOUSA have each amply demonstrated the adequacy of their respective searches for the documents requested by Mr. Steiniger.  As detailed above, both agencies conducted reasonably comprehensive inquiries.  A search need not be perfect.  See Grand Central Partnership, 166 F.3d at 489; Garcia, 181 F. Supp. 2d at 368; Lawyers Committee for Human Rights v. INS, 721 F. Supp. 552, 566-67 (S.D.N.Y. 1989).  Nevertheless, the plaintiff argues that additional documents must exist.  However, "[s]peculation that other documents exist, without more, 'does not undermine the finding that the agency conducted a reasonable search.'"  Garcia, 181 F. Supp. 2d at 366 (quoting SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).  Furthermore, the reasonableness of EOUSA's search is not diminished by the fact that documents were not discovered until a second search was conducted.  See Grand Central Partnership 166 F.3d at 489.

   Mr. Steiniger complains that the IRS has refused to answer his inquiry about his tax status, that is, whether he is owed a refund or has an outstanding tax liability, for the years in question.  But FOIA obligates government agencies only to disclose records, not to respond to inquiries.  See Amnesty International, 2008 WL 2519908, at *13 ("FOIA is a mechanism to obtain access to records,

not answers to questions."); Landmark Legal Foundation v. EPA, 272 F. Supp. 2d 59, 64 (D.D.C. 2003) ("[A]n agency is not required to 'answer questions disguised as a FOIA request.'" (quoting Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985))).

Finally, the plaintiff maintains that he should be accorded the opportunity to take the deposition of Inez Fye, the IRS employee who was primarily responsible for the search of that agency's records. "In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." Carney, 19 F.3d at 812 (citing Goland v. CIA, 607 F.2d 339, 355 (D.C. Cir. 1978)). Mr. Steiniger has made no such showing here.

Accordingly, the defendants' searches were satisfactory and there is no basis for requiring any further inquiry.

B. Validity of Claimed Exemptions

In their Vaughn index, the defendants identified several grounds for withholding or redacting documents. (Stearns Decl., Exh. J). I will address each in turn.

1. Statutory Exemptions (Exemption (b)(3))

First, the defendants withheld Document no. 10 and redacted Document no. 11 under 5 U.S.C. § 552(b)(3), which excuses from production documents that are "specifically exempted from

disclosure by statute." Document no. 10 is a confidential financial disclosure report that, pursuant to 5 U.S.C. App. § 107(a)(2), may not be disseminated. Document no. 11 is the Pre-Sentence Investigation Report (the "PSI") prepared in connection with the plaintiff's criminal case. This document was disclosed in redacted form; EOUSA withheld portions relating to (1) diagnoses which, if revealed, could disrupt the plaintiff's rehabilitation and (2) names of third parties who might be subject to harm if their identities were made public. These categories of information are prohibited from being disclosed by Rule 32(d)(3)(A) and (C) of the Federal Rules of Criminal Procedure. See United States Department of Justice v. Julian, 486 U.S. 1, 9 (1988) ("[Rule 32] specifically exempt[s] from disclosure any information in the [presentence] report that relates to confidential sources, diagnostic opinions, and other information that may cause harm to the defendant or to third parties. This information is thus exempt from disclosure under the FOIA." (citations omitted)). The information in Documents nos. 10 and 11 was therefore properly withheld pursuant to Exemption (b)(3).

    2. <u>Civil Discovery Exemptions (Exemption (b)(5))</u>

"[I]nter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are also exempt from disclosure. 5

U.S.C. § 552(b)(5). The "normal civil discovery privileges" are thus incorporated into FOIA. <u>Hopkins v. United States Department of Housing and Urban Development</u>, 929 F.2d 81, 84 (2d Cir. 1991). "One privilege that Congress specifically had in mind was the 'deliberative process' or 'executive' privilege, which protects the decisionmaking processes of the executive branch in order to safeguard the quality and integrity of governmental decisions." <u>Id.</u>

> To qualify for the deliberative process privilege, a document must be both "predecisional" and "deliberative." A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision. The privilege protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.

<u>Grand Central Partnership</u>, 166 F.3d at 482 (quotations marks and citations omitted). "A document is "deliberative" when it is actually related to the process by which policies are formulated." <u>Id.</u>

Documents nos. 2, 3, 4, 5, 6, and 7 come within the deliberative process privilege. All consist of attorney notes that reflect the thought processes of an attorney prior to taking action in a criminal case. (Stearns Decl., ¶¶ 26-29).

Exemption (b)(5) also covers documents that would be immune from discovery pursuant to the work product doctrine. <u>See</u> <u>A.</u>

10

Michael's Piano, Inc. v. FTC, 18 F.3d 138, 146 (2d Cir. 1994).  The work product doctrine, partially codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure, "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries."  United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)).  To warrant protection, a document or communication must have been prepared in anticipation of litigation by or for a party, or by his representative.  Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 474 (S.D.N.Y. 2003).  As explained by the Second Circuit, "documents should be deemed prepared 'in anticipation of litigation,' . . . if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"  Adlman, 134 F.3d at 1202 (emphasis omitted) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2024, at 343 (1994)).

    Here, in addition to being protected by the deliberative process privilege, Documents nos. 2, 3, 4, 5, 6, and 7 are also work product.  They were prepared by attorneys in anticipation of litigation, the litigation being a criminal prosecution.  Likewise,

11

Document no. 8 is work product, as it is a form prepared by an Assistant United States Attorney in connection with the plaintiff's prosecution.

        3. <u>Privacy Exemptions (Exemptions (b)(6) and (b)(7)(C))</u>

"[P]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are exempt from disclosure under FOIA. 5 U.S.C. § 552(b)(6). So, too, are "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "[W]hether documents are protected under the FOIA privacy exemptions turns on whether the privacy interest in nondisclosure of the documents outweighs the public interest in their release." <u>Hopkins</u>, 929 F.2d at 86. With respect to Exemption (b)(7)(C), "[i]n order to overcome the recognized privacy interest of individuals whose name or other personally identifiable information appears in documents created in the course of a law enforcement investigation, the FOIA requestor must demonstrate that the disclosure of such information would further the goals of the FOIA." <u>Garcia</u>, 181 F. Supp. 2d at 372.

    Documents nos. 4, 5, and 6, which were properly withheld pursuant to other exemptions, contain identifying information of third parties pertaining to a criminal investigation and so are

12

exempt under the privacy exemptions as well.  Document no. 1, the plaintiff's FBI rap sheet, has been redacted to remove the name of a third party.  Document no. 9 has been withheld because it is a document prepared by a third party for law enforcement purposes reflecting that person's mental impressions concerning a matter under investigation.  Finally, Document no. 11, a presentence report, was redacted to omit the identities of third parties.  In each instance, the redacted or withheld information plainly implicated the privacy interests of persons other than Mr. Steiniger.  And in no instance has he suggested what public interest might weigh in favor of disclosure.  Indeed, "[w]here the requestor seeks [private] information in furtherance of private litigation, courts typically reject such disclosure as not falling within the ambit of FOIA's goal of public disclosure of agency action."  Id.

Conclusion

The defendants conducted reasonable searches in response to Mr. Steiniger's FOIA requests.  The documents that they redacted or withheld each fell within one or more FOIA exemptions.  Accordingly, the defendants' motion for summary judgment should be granted and the complaint dismissed.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from

this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed Rakoff, Room 1340, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 15, 2011

Copies mailed this date:

Francis Steinger
29-64 Beach Channel Drive, Apt #4D
Far Rockaway, New York 11691

Christine I. Phillips, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007